UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRANCE A. BARGNARE,

    Plaintiff,

v.                                        Case No. 3:25cv196-TKW-HTC

HONORABLE KERRA SMITH, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Terrance A. Bargnare, proceeding *pro se* and *in forma pauperis*, has filed a "Petition for Emergency Relief and Complaint for Declaratory and Injunctive Relief," asserting claims under 42 U.S.C. § 1983 arising from the suspension of his driver's license by a Florida state court. Upon consideration, the undersigned concludes this case should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, as it is barred by the *Rooker-Feldman* doctrine.[1]

**I.    Background**

In his complaint, Bargnare names four Defendants: Judge Kerra Smith; the State of Florida; the Florida Department of Highway Safety and Motor Vehicles; and the Escambia County Clerk of Court. The following factual allegations are taken

---

[1] The doctrine comes from two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

from his complaint and accepted as true for purposes of this report and recommendation.

Bargnare was convicted of a DUI offense by a Florida state court in 2018. The court "ordered [him] to fulfill certain conditions, including DUI school, victim impact panels," and "a ten-day vehicle impoundment under Fla. Stat. § 316.913(6)(d)." Doc. 1 at 2-3. Bargnare, however, "did not own any vehicle at the time of the offense," and any vehicle "obtained after the offense … has … been totaled." *Id.* at 3.

Bargnare filed a motion in Florida state court to waive or modify the impoundment requirement because "no vehicle existed to impound and Plaintiff's severe financial hardship." *Id.* The court, however, summarily denied the motion. Thus, the Department of Motor Vehicles continues to refuse reinstate Bargnare's license.

Based on these allegations, Bargnare claims Defendants have violated his right to interstate travel and his Fourteenth Amendment substantive due process rights, procedural due process rights, and equal protection rights. As relief, he seeks: (1) "a Temporary Restraining Order and Preliminary Injunction enjoining Defendants from enforcing the impoundment requirement against [him] and ordering reinstatement of [his] driver's license"; and (2) a declaratory judgment that his constitutional rights were violated.

## II.    Discussion

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  "The *Rooker-Feldman* doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018). Bargnare's claims are barred by the *Rooker-Feldman* doctrine.

Here, Bargnare pled no contest to a DUI charge and no valid driver's license charge in October 2018. *See State of Fla. v. Bargnare*, 2018 MM 005397 (Fla. Escambia County Ct. 2018).[2] The Circuit Court for and in Escambia County entered an Order of Judgment and Sentence, imposing a sentence on the DUI charge of 12 months' probation and 30 days of jail time for the driving with no valid driver's license charge.  Also included in the sentence were other conditions, including vehicle impoundment for 10 days and driver's license suspension for 12 months. *Id.*

---

[2] The Court takes judicial notice of the electronic state court docket, which can be found at https://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020) (holding it is proper for a habeas court to take judicial notice of a state court docket and records).

After Bargnare violated his probation in December 2018, the Court entered an Amended Order of Judgment and Sentence, sentencing Bargnare to 180 days of jail as to Count 1 and 60 days as to Count 2, to run concurrently. Also included in the sentence were other conditions, including vehicle impoundment for 10 days and driver's license revocation for 12 months. In July 2019, the court suspended Bargnare's license. And in February 2025, Bargnare unsuccessfully petitioned the state court to waive the impoundment requirement.

Bargnare's request to have this Court reinstate his license and "enjoin Defendants from enforcing the impoundment requirement" is an improper appeal to this Court of the state court's judgment and sentence and order denying relief. It is the very type of case that *Rooker-Feldman* precludes. *See Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) ("Under *Rooker-Feldman*, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Thus, this case should be dismissed without prejudice under the *Rooker-Feldman* doctrine. *See Taylor v. Fla. Highway Safety*, 2017 WL 7107453, at *1-2 (N.D. Fla. Oct. 26, 2017) (finding *pro se* plaintiff's due process claims against the State of Florida Highway Safety and two of its directors—arising from Plaintiff's

"fail[ure] to pay a court-ordered financial obligation" and subsequent suspension of his driver's license—barred by *Rooker-Feldman*); *Rowell v. Dysart*, 2001 WL 1543856, at *2 (N.D. Tex. Nov. 30, 2001) ("Plaintiff seeks the reinstatement of his suspended driver license. Stripped to its core, Plaintiff's claim is a collateral attack on a final state court decision. Essentially, Plaintiff is seeking to modify the decision … to suspend his driver license until he pays the $160 fine. Despite the due process claims raised … i.e., the denial of a hearing and appointment of counsel … this action is an attempt to bypass the *Rooker–Feldman* doctrine."); *Bobby Butler v. Georgia*, 2022 WL 274392, at *7 (N.D. Ga. Jan. 24, 2022) (finding *pro se* plaintiff's proposed amended complaint futile, in part, because "to the extent Plaintiff asks this Court to modify his state-court criminal judgments, the Court does not have jurisdiction to entertain those claims or requests for relief").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. That the clerk close the file.

At Pensacola, Florida, this 6th day of March, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.